■ KENNETH FISHER, by His Parent and Natural Guardian, ROBERT FISHER, et al., Respondents, v. ROCKLAND COUNTY P. S. A. L. et al., Appellants. — In a proceeding pursuant to article 78 of the CPLR to review the suspension of six high school students from soccer competition, the appeal is from an order and decision (one paper) of the Supreme Court, Rockland County, entered October 26, 1973, which directed appellants " to reinstate the petitioners to full membership on the soccer team and to all the rights, privileges and immunities appertaining thereto." Order and decision reversed, on the law, and petition dismissed, without costs. The suspensions were premised upon alleged violations of the Regulations of the State Commissioner of Education and, in addition, of rule 13 of the Rules of the New York State Public High School Athletic Association [NYSPHSAA], which has been adopted by member school districts and boards of education and prohibits a student from participating in nonschool contests in soccer (among other sports) in a season after the student has participated in the first interschool soccer contest in that season. In our opinion, the petition should have been dismissed. The named respondents in the proceeding (appellants) are the Rockland County P. S. A. L., which is a local league or section of the NYSPHSAA, and its president. Both the NYSPHSAA and the Rockland County P. S. A. L. are unchartered, unincorporated associations. Neither the NYSPHSAA nor the Rockland County P. S. A. L. has any power or authority whatsoever to actually suspend high school students from interscholastic athletic competition. Such power has always resided only in the member schools, trustees or boards of education themselves. The P. S. A. L. may penalize a member *school* for violation of rule 13, by imposing a forfeiture of a league game or an absolute suspension of a member school from participation in interschool athletic activity; but it is only a member school or a school district which may suspend an individual *student* from interschool competition and that is exactly what happened here. Since the affected school districts were not named or served in this proceeding, the order under review is directed at the wrong bodies and is a nullity. Were the proper respondents before this court, we would be inclined to dismiss the petition on the merits. Rule 13 appears to be an entirely reasonable effort to safeguard the health and welfare of all students participating in interscholastic athletic activities; and, on this record, its application to petitioners seems equally reasonable (see *Matter of Central School Dist. No. 1*, 5 Ed. Dept. Rep. 110). Although the requirements of basic fairness have been held to include an informal administrative conference between student, parent and the administrator authorized to impose discipline, to discuss the underlying factual situation, before imposition of the penalty of removal of general extracurricular privileges (*Matter of Port*, 9 Ed. Dept. Rep. 107), it may well be that, where the issue is interscholastic athletic eligibility, the exigencies of the sports schedule and the possible penalty of forfeiture permit a preliminary determination and suspension, followed closely by an administrative conference, as apparently occurred here, at least as respects the Clarkstown District students. Martuscello, Acting P. J., **Shapiro**, Christ, Benjamin and Munder, JJ., concur.